# UNITED STATES BANKRUPTCY COURT
## Northern District of California

# VOLUNTARY PETITION

| | |
|---|---|
| **NAME** (Debtor 1) [Last, First, Middle]<br>*VAN GASTEL, KARL H.*<br>**ALL OTHER NAMES** used by the debtor in the last 8 years<br>[include married, maiden, and trade names]<br>*FDBA KVG MECHANICAL* | **NAME OF JOINT DEBTOR** (Spouse) [Last, First, Middle]<br>*VAN GASTEL, ADRIANNE D.*<br>**ALL OTHER NAMES** used by the debtor in the last 8 years<br>[include married, maiden, and trade names]<br>*AKA DEDE VAN GASTEL* |
| **LAST 4 DIGITS SOC. SEC./TAX I.D. NO.** [all]<br>9017 | **LAST 4 DIGITS SOC. SEC. I.D. NO.** [all]<br>4664 |
| **STREET ADDRESS OF DEBTOR 1**<br>*6229 Hopi Court*<br>*San Jose, CA 95123*<br>COUNTY OF RESIDENCE or Principal Place of Business<br>*Santa Clara*<br>MAILING ADDRESS OF DEBTOR 1 [if different] | **STREET ADDRESS OF DEBTOR 2**<br>*Same*<br>COUNTY OF RESIDENCE or Principal Place of Business<br>*Santa Clara*<br>MAILING ADDRESS OF DEBTOR 2 [if different]<br>*Same* |

**INFORMATION REGARDING THE DEBTOR: VENUE**

[XXX] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

[ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

[ ] There is a bankruptcy case in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be be served in regard to the relief sought in this District.

**LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR**
(if different from street address above):

**NATURE OF BUSINESS:**
The business, if a business entity, is not any of the following: a Health Care Business, Single Asset Real Estate as defined in 11 U.S.C. Sec. 101(51B), Railroad, Stockbroker, Commodity Broker, Clearing Bank, or Nonprofit Organization qualified under 15 U.S.C. Sec. 501(c)(3).

## INFORMATION REGARDING DEBTOR [Check applicable boxes]

**TYPE OF DEBTOR**
- [XXX] Individual
- [ ] Corporation
- [ ] Partnership
- [ ] Other [Describe]

**NATURE OF DEBT**
- [XXX] Debts primarily consumer
- [ ] Debts primarily business or non-consumer

**FILING FEE**
- [XXX] Full filing fee attached
- [ ] Filing fee to be paid in installments (Applicable to individuals only) Must attach application certifying the debtor is unable to pay fee except in installments.
- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration.

**CHAPTER** OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED
- [ ] Chapter 7    [ ] Chapter 11    [XXX] Chapter 13
- [ ] Chapter 9    [ ] Chapter 12    [ ] Chapter 15 Non-/Main

**CHAPTER 11 SMALL BUSINESS** (Check all boxes that apply)
- [ ] Debtor is a small business as defined in 11 U.S.C. 101(51D).
- [ ] Debtor is not a small business debtor as defined in Sec. 101(51D).
- [ ] Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million.

## STATISTICAL/ADMINISTRATIVE INFORMATION
Estimates only--check applicable boxes

- [XXX] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, no funds will be available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

NUMBER OF CREDITORS

| 1 to 49 | 50 to 99 | 100 to 199 | 200 to 999 | 1000 to 5000 | over 5000 |
|---|---|---|---|---|---|
| [XX] | [ ] | [ ] | [ ] | [ ] | [ ] |

ESTIMATED ASSETS ($ million)

| zero to 0.01 | 0.01 to 0.10 | 0.10 to 1.0 | 1.0 to 100 | over 100 |
|---|---|---|---|---|
| [ ] | [ ] | [XX] | [ ] | [ ] |

ESTIMATED DEBTS ($ million)

| zero to 0.05 | 0.05 to 0.10 | 0.10 to 1.0 | 1.0 to 100 | over 100 |
|---|---|---|---|---|
| [ ] | [ ] | [XX] | [ ] | [ ] |

rev. 10/06

| NAME | KARL H. VAN GASTEL | ADRIANNE D. VAN GASTEL | CASE NO. |
|---|---|---|---|

## PRIOR BANKRUPTCY CASE(S) FILED WITHIN LAST 8 YEARS

| Location Where Filed | Case Number | Date Filed |
|---|---|---|

## PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF DEBTOR

| Name of Debtor | Case No. | Date | Relationship | District | Judge |
|---|---|---|---|---|---|

**EXHIBIT "A"**
TO BE COMPLETED IF DEBTOR IS A CORPORATION REQUESTING RELIEF UNDER CHAPTER 11: Exhibit "A" is not applicable and, therefore, is not attached

**EXHIBIT "C"**
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

No

**EXHIBIT "B"**
(IF DEBTOR IS AN INDIVIDUAL WITH PRIMARILY CONSUMER DEBTS)
I, the attorney for the petitioner(s) named in the foregoing petition, declare that I have informed the petitioner(s) that (he/she/they) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and I have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by Sec. 342(b) of the Bankruptcy Code.

*JAMES S.K. SHULMAN*

Dated:  8/29/07

**EXHIBIT "D"**
(TO BE COMPLETED BY EACH INDIVIDUAL DEBTOR. IF A JOINT PETITION IS FILED, EACH SPOUSE MUST COMPLETE AND ATTACH A SEPARATE EXHIBIT "D.")

If the Debtors are individual debtors, separate Exhibits "D" are completed, signed by the Debtor (and Joint Debtor, if any), attached, and made a part of this petition.

**STATEMENT BY A DEBTOR WHO RESIDES AS A TENANT OF RESIDENTIAL PROPERTY** (Check the applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box is checked, complete the following.)
Name of Judgment Landlord:
Address of Landlord:

**SIGNATURE OF ATTORNEY**

Signature, /s/JAMES S.K. SHULMAN
SHULMAN LAW OFFICES #118938
1501 The Alameda
San Jose CA 95126
(408) 297-3333
Dated:  8/29/07

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

## DEBTOR(S)' SIGNATURES

**CORPORATE OR PARTNERSHIP DEBTOR**
I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

Signature of Authorized Individual

Print or Type Name of Authorized Individual

Title of Individual Authorized by Debtor to File this Petition

Date

**INDIVIDUAL/JOINT DEBTOR(S)**
I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7, I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter and choose to proceed under chapter 7.] I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

Signature (Debtor 1)  KARL H. VAN GASTEL
Date  Aug 29-07

Signature (Debtor 2)  ADRIANNE D. VAN GASTEL
Date  8 29-07

# UNITED STATES BANKRUPTCY COURT
## Northern District of California

In re: KARL H. VAN GASTEL
      ADRIANNE D. VAN GASTEL

Debtor(s) _____ /

Chapter 13
Case No.

---

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (Yes/No) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A. Real Property | Yes | 1 | 675,000 | | |
| B. Personal Property | Yes | 3 | 51,025 | | |
| C. Property Claimed Exempt | Yes | 1 | | | |
| D. Creditors Holding Secured Claims | Yes | 1 | | 518,304 | |
| E. Creditors Holding Unsecured Priority Claims | Yes | 1 | | 0 | |
| F. Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 30,320 | |
| G. Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H. Codebtors | Yes | 1 | | | |
| I. Current Income of Debtors | Yes | 1 | | | 39566 |
| J. Current Expenditures of Debtor(s) | Yes | 2 | | | 38231 |
| Total Number of Sheets of All Schedules | | 15 | | | |
| | | Total Assets | 726,025 | | |
| | | | Total Liabilities | 548,624 | |

---

## DECLARATION CONCERNING SCHEDULES
### INDIVIDUAL DEBTOR'S DECLARATION

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 16 pages, and that they are true and correct to the best of my knowledge, information, and belief.

Dated: _Aug 29.07_

Dated: _8.29.07_

_____
Debtor 1, KARL H. VAN GASTEL

_____
Debtor 2, ADRIANNE D. VAN GASTEL

### CORPORATE OR PARTNERSHIP DECLARATION

I, the _____ [title] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 16 pages, and that they are true and correct to the best of my knowledge, information, and belief.

Dated: _____

_____
Signature

_____
[Print or type name of individual signing on behalf of debtor]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. 152 and 3571.

UNITED STATES BANKRUPTCY COURT
Northern District of California

KARL H. VAN GASTEL
ADRIANNE D. VAN GASTEL

Chapter 13
Case No.

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES
## AND RELATED DATA (28 U.S.C. Sec. 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in Sec. 101(8) of the Bankruptcy Code (11 U.S.C. Sec. 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

___ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. Sec. 159. Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | 0 |
| Student Loan Obligation (from Schedule F) | 0 |
| Domestic Support, Separation Agreement, & Divorce Decree Obligations Not Reported on Schedule E | 0 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0 |
| TOTAL | 0 |
| Average Income (from Schedule I, Line 16) | 39566 |
| Average Expenses (from Schedule J, Line 18) | 38231 |
| Current Monthly Income (from 22A-Line 12, 22B-Line 11, or 22C-Line 20) | 5794 |

| | | |
|---|---|---|
| 1. Total from Schedule D, "Unsecured Portion, if any" column | | 0 |
| 2. Total from Schedule E, "Amount Entitled to Priority, if any" column | 0 | |
| 3. Total from Schedule E, "Amount Not Entitled to Priority, if any" column | | 0 |
| 4. Total from Schedule F | | 30,320 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 30,320 |

In re: KARL H. VAN GASTEL            Case No.
      ADRIANNE D. VAN GASTEL

# SCHEDULE A -- REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, .. 1-00
or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, (debtor 1 or debtor 2) or both own the property by placing an "H," "W," ("1" or "2"), "J," or "C" in the appropriate column. If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G -- Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C -- Property Claimed as Exempt.

☐ Current market value is the value of Debtor's interest in the hands of the Trustee.

☐ I am married, filing this proceeding under title 11, U.S.C., and my spouse has not given me permission to disclose his/her financial affairs for all schedules.

| Description and Location of Property | Nature of Debtor's Interest | Husband/ Wife/ Debtor 1/ Debtor 2/ Joint/ Community | Current Value of Debtor's Interest in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Single family residence<br>6229 Hopi Court<br>San Jose, CA 95123 | 100% | | 675,000 | 488,919 |

                                                      Total    675,000

(Report also on Summary of Schedules.)

Case: 07-52673    Doc# 1    Filed: 08/30/07    Entered: 08/30/07 10:09:22    Page 5 of 33

In re: KARL H. VAN GASTEL      Case No.
  ADRIANNE D. VAN GASTEL

## SCHEDULE B -- PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "x" in the appropriate .. 1-00
position in the column labeled "None."  If additional space is needed in any category, attach a separate page properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, (or Debtor 1 or Debtor 2) or both own the property by placing an "H," "W," ("1" or "2"), "J," or "C" in the appropriate column.  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C -- Property Claimed as Exempt.
  Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G -- Executory Contracts and Unexpired Leases.
  If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Interest<br>Type of Property | None | Description and Location of Property | Husband/<br>Wife/<br>Debtor 1/<br>Debtor 2/<br>Joint/<br>Community | Current Market Value of Debtor's<br>in Property Without Deducting<br>any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash on hand | | 10 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperations. | | Washington Mutual<br>Bank of the West | | 2000<br>40 |
| 3. Security deposits with public utilities telephone companies, landlords, and others. | XX | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household furnishings and appliances | | 4000 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Misc. personal effects at residence | | 500 |
| 6. Wearing Apparel. | | Misc. wearing apparel at residence | | 750 |
| 7. Furs and jewelry. | | Misc. Jewelry etc. at residence | | 1000 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | 15 guns, 2 cameras & fishing gear | | 1700 |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender value of each. | XX | | | |
| 10. Annuities. Itemize and name each issuer. | XX | | | |
| 11. Interests in educational IRAs. | XX | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | PERS<br>Retirement plan with Sheet Metal Workers Union | | Unknown<br>Unknown |

## SCHEDULE B -- PERSONAL PROPERTY
(Continuation Page)

| Type of Property | None | Description and Location of Property | Husband/ Wife/ Debtor 1/ Debtor 2/ Joint/ Community | Current Market Value of Debtor's in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 100% interest in KVG Mechanical, Inc. | | 0 |
| 14. Interests in partnerships or joint ventures. Itemize. | XX | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | | Franklin bond | | 2000 |
| 16. Accounts receivable. | XX | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | XX | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | XX | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | XX | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | XX | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Wages Earned But Unpaid | | Unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | XX | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | XX | | | |
| 24. Customer lists provided to debtor | XX | | | |

## SCHEDULE B -- PERSONAL PROPERTY

(Continuation Page)

| Type of Property | None | Description and Location of Property | Husband/ Wife/ Debtor 1/ Debtor 2/ Joint/ Community | Current Market Value of Debtor's Interest in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2002 Ford F350 truck<br>2004 Ford Taurus SEL<br>1978 Harley Lowrider motorcycle<br>2003 Jayco trailer | | 13,925<br>10,200<br>2500<br>12,000 |
| 26. Boats, motors, and accessories. | | 1960 12' aluminum boat | | 0 |
| 27. Aircraft and accessories. | XX | | | |
| 28. Office equipment, furnishings, and supplies. | | Computer & printer | | 200 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | HVAC hand tools | | 200 |
| 30. Inventory. | XX | | | |
| 31. Animals. | | 1 dog | | 0 |
| 32. Crops - growing or harvested. Give particulars. | XX | | | |
| 33. Farming equipment and implements. | XX | | | |
| 34. Farm supplies, chemicals, and feed. | XX | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | 1/2 legal title interest only in 2005 Mustang | | 0 |

           __0__ Continuation pages attached      Total        51,025

(Include amounts from any continuation pages attached. Report total also on Summary of Schedules.)

In re: KARL H. VAN GASTEL          Case No.
       ADRIANNE D. VAN GASTEL

## SCHEDULE C -- PROPERTY CLAIMED AS EXEMPT

The state under which Debtor(s) exemptions are determined: California

If exemption state is not California, applicability to non-residents? Exemption state is California.

Debtor elects the exemptions to which debtor is entitled under: [Check one]

☐ Exemptions provided in 11 U.S.C. 522(d). (Federal Exemptions)

☒ 11 U.S.C. 522(b)(3): Exemptions available under applicable nonbankruptcy federal laws, state or local laws and the debtor's interest as a tenant
   by the entirety or joint tenancy to the extent the interest is exempt from process under applicable nonbankruptcy law. (State Exemptions)

    ☐ C.C.P. 703.140(b) (Modified Federal Exemptions under California law)

    ☒ C.C.P. 704 (California Exemptions)

    Applicability of C.C.P. 703.140(a)(2): Not applicable

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| Single family residence | .730 | 75,000 | 675,000 |
| 6229 Hopi Court | | | |
| San Jose, CA 95123 | | | |
| Cash on Hand | - | - | 10 |
| Washington Mutual | .070 | 1566 | 2000 |
| Bank of the West | - | - | 40 |
| Household furnishings and appliances | .020 | 4000 | 4000 |
| Misc. personal effects at residence | .020 | 500 | 500 |
| Misc. wearing apparel at residence | .020 | 750 | 750 |
| Misc. Jewelry etc. at residence | .040 | 1000 | 1000 |
| 15 guns, 2 cameras & fishing gear | .020 | 1700 | 1700 |
| PERS | .110 | Unlimited | Unknown |
| Retirement plan with Sheet Metal Workers Union | .115 | Unlimited | Unknown |
| 100% interest in KVG Mechanical, Inc. | - | - | 0 |
| Franklin bond | - | - | 2000 |
| Wages Earned But Unpaid | .070 | Up to limit | Unknown |
| 2002 Ford F350 truck | .060 | 4850 | 13,925 |
| 2004 Ford Taurus SEL | .010 | 688 | 10,200 |
| 1978 Harley Lowrider motorcycle | .010 | 1862 | 2500 |
| 2003 Jayco trailer | - | - | 12,000 |
| 1960 12' aluminum boat | - | - | 0 |
| Computer & printer | .060 | 200 | 200 |
| HVAC hand tools | .060 | 200 | 200 |
| 1 dog | - | - | 0 |
| 1/2 legal title interest only in 2005 Mustang | - | - | 0 |

In re: KARL H. VAN GASTEL
       ADRIANNE D. VAN GASTEL

## SCHEDULE D -- CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation page provided. If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" including the entity on the appropriate schedule of creditors, and complete Schedule H -- Codebtors. If a joint petition is filed, state whether husband, wife (debtor 1 or debtor 2), both of them, or the marital community may be liable on each claim by indicating in the column labeled "Husband, Wife, Joint, or Community."If the claim is contingent, place an "X" in the column labeled "Contingent" If the claim is unliquidated, place an "X" in the column labeled "Unliquidated" If the claim is disputed, place an "X" in the column labeled "Disputed" (You may need to place an "X" in more than one of these three columns.)Report the total of all claims listed on this schedule in the box labeled "Total" on the last page of the completed schedule. Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.          Number of continuation pages attached: 1

| Creditor's Name and Mailing Address including Zip Code  Account Number | Codebtor | Husband/ Wife/ Debtor1/ Debtor2/ Joint/ Community | Date Claim Was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion if Any |
|---|---|---|---|---|---|---|---|---|
| Bank of the West PO Box 4002 Concord CA 94524  357 3827 12 | | | Secured by 2003 Jayco trailer  Value: 12000 | | | | 11960 | |
| Ford Credit PO Box 7172 Pasadena CA  91109  031239520/037655713 | | | | | | | Notice Only | |
| Ford Credit National Bankruptcy Service Center PO Box 537901 Livonia  MI  48153 031239520 | | | Secured by 2002 Ford F350  Value: 13925 | | | | 7913 | |
| Ford Credit National Bankruptcy Service Center PO Box 537901 Livonia  MI  48153 037655713 | | | Secured by 2004 Ford Taurus  Value: 10200 | | | | 9512 | |
| National City Bank PO Box 856176 Louisville KY  40285  4489 6183 2093 4301 | | | Secured by 2nd Deed of Trust  Value: 675000 | | | | 96715 | |
| | | | Subtotal (Total of this page) | | | | 126100 | |
| | | | Total (Use only on last page) | | | | | (Report total also on Summary of Schedules) |

Note: The listing of a creditor herein is not an admission by the Debtor(s) as to the existence, validity, or the amount of said claim. Listing an entity as a creditor is intended merely to provide notice of the filing of this bankruptcy case, and every entity listed herein should consider its claim to be "Disputed" without a specific indication by their name and address, requiring filing a Proof of Claim with sufficient supporting documentation that shall establish prima facie evidence of the claim. Entities with listings indicated as "Disputed" are noticed of the Debtor(s)' affirmative denial of the existence, validity, or amount of their claim.

In re: KARL H. VAN GASTEL
ADRIANNE D. VAN GASTEL

Case No.

# SCHEDULE D -- CREDITORS HOLDING SECURED CLAIMS
## (Continuation Page)

| Creditor's Name and Mailing Address including Zip Code<br><br>Account Number | C o d e b t o r | Husband/ Wife/ Debtor1/ Debtor2/ Joint/ Community | Date Claim Was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion if Any |
|---|---|---|---|---|---|---|---|---|
| National City Bank<br>LOC7180 PO Box 94991<br>Cleveland OH 44101<br><br>4489 6183 2093 4301 | | | | | | | Notice Only | |
| Wells Fargo Home Mortgage<br>PO Box 10335<br>Des Moines IA 50306<br><br>0136479391 | | | Secured by 1st Deed of Trust<br><br>Value: 675000 | | | | 392204 | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| | Amount | |
|---|---|---|
| Subtotal (Total of this page) | 392204 | (Report total also on Summary of Schedules) |
| Total (Use only on last page) | 518304 | |

Note: The listing of a creditor herein is not an admission by the Debtor(s) as to the existence, validity, or the amount of said claim. Listing an entity as a creditor is intended merely to provide notice of the filing of this bankruptcy case, and every entity listed herein should consider its claim to be "Disputed" without a specific indication by their name and address, requiring filing a Proof of Claim with sufficient supporting documentation that shall establish prima facie evidence of the claim. Entities with listings indicated as "Disputed" are noticed of the Debtor(s)' affirmative denial of the existence, validity, or amount of their claim.

In re: KARL H. VAN GASTEL
      ADRIANNE D. VAN GASTEL

## SCHEDULE E -- CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the pages provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached pages, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" including the entity on the appropriate schedule of creditors, and complete Schedule H -- Codebtors. If a joint petition is filed, state whether husband, wife (debtor 1 or debtor 2), both of them, or the marital community may be liable on each claim by indicating in the appropriate column. If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.) Report the total of claims listed on each page in the box labeled "Subtotal" on each page. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last page of the completed schedule. Repeat this total also on the Summary of Schedules.

[xx] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E. Number of continuation pages attached: -1

## TYPES OF PRIORITY CLAIMS (Check the appropriate boxes below if claims in that category are listed on this or attached pages)

Totals

0 [ ] **ADMINISTRATIVE EXPENSES.** Administrative expenses allowed under 11 U.S.C. 503(b) and any fees and charges assessed against the estate under chapter 123 of title 28. 11 U.S.C. 507(a)(2)

0 [ ] **DOMESTIC SUPPORT.** Claims for domestic support to a spouse, former spouse, or child of the debtor or a governmental unit collecting such support provided in 11 U.S.C. 507(1).

0 [ ] **EXTENSIONS OF CREDIT IN AN INVOLUNTARY CASE.** Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief, 11 U.S.C. 507(a)(3).

0 [ ] **WAGES, SALARIES, AND COMMISSIONS.** Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, and commissions owing to qualifying independent sales representatives, up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. 507(a)(4).

0 [ ] **CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS.** Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. 507(a)(5).

0 [ ] **CERTAIN FARMERS AND FISHERMEN.** Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. 507(a)(6).

0 [ ] **DEPOSITS BY INDIVIDUALS.** Claims of individuals up to $2,225 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. 507(a)(7).

0 [ ] **TAXES AND CERTAIN OTHER DEBTS OWED TO GOVERNMENTAL UNITS.** Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. 507(a)(8).

0 [ ] **COMMITMENTS TO MAINTAIN THE CAPITAL OF AN INSURED DEPOSITORY INSTITUTION.** Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. 507(a)(9).

0 [ ] **DRUNK INJURY OR DEATH.** Claims for death or personal injury resulting from the debtor's operation of motor vehicle or boat while intoxicated from using alcohol, drugs or another substance. 11 U.S.C. 507(a)(10).

    * Amounts are subject to adjustment on April 1, 2001, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Type of Priority: No Priority Claims

| Creditor's Name and Mailing Address including Zip Code<br><br>Account Number | C o d e b t o r | Husband/ Wife/ Debtor1/ Debtor2/ Joint/ Community | Date Claim Was Incurred, and Consideration for Claim | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Total Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |

| | | |
|---|---|---|
| Subtotal (Total of this page) | 0 | |
| Total (Use only on last page) | 0 | (Report total also on Summary of Schedules) |

Note: The listing of a creditor herein is not an admission by the Debtor(s) as to the existence, validity, or the amount of said claim. Listing an entity as a creditor is intended merely to provide notice of the filing of this bankruptcy case, and every entity listed herein should consider its claim to be "Disputed" without a specific indication by their name and address, requiring filing a Proof of Claim with sufficient supporting documentation that shall establish prima facie evidence of the claim. Entities with listings indicated as "Disputed" are noticed of the Debtor(s)' affirmative denial of the existence, validity, or amount of their claim.

In re: KARL H. VAN GASTEL
        ADRIANNE D. VAN GASTEL

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or property of the debtor as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided. If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife (debtor 1 or debtor 2), both of them, or the marital community may be liable on each claim by indicating in the appropriate column. If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.) Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

Number of continuation pages attached: 1

| Creditor's Name and Mailing Address including Zip Code<br>Account Number | Codebtor | Husband/Wife/Debtor1/Debtor2/Joint/Community | Date Claim Was Incurred, and Consideration for Claim. If Claim Is Subject to Setoff, So State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Acosta Sheet Metal Manufacturing Co. Inc.<br>930 Remillard Court<br>San Jose  CA  95122<br><br>530191 | | | | | | | 1933 |
| American Express<br>PO Box 0001<br>Los Angeles CA 90096<br><br>3715 322077 81009 | | | | | | | 1062 |
| American Express<br>Customer Service<br>PO Box 981535<br>El Paso  TX  79998<br>3715 322077 81009 | | | Duplicate | | | | Notice Only |
| Kobett Metals<br>515 Winchester Drive, Ste. C<br>Campbell  CA  95008<br><br>7334/7394 | | | | | | | 1220 |
| Pacific Rain Gutter Supply, Inc.<br>1420 Whipple Road<br>Union City  CA  94587 | | | | | | | 2951 |
| | | | Subtotal (Total of this page) | | | | 7166 |
| | | | Total (Use only on last page) | | | | |

(Report total also on Summary of Schedules)

Note: The listing of a creditor herein is not an admission by the Debtor(s) as to the existence, validity, or the amount of said claim. Listing an entity as a creditor is intended merely to provide notice of the filing of this bankruptcy case, and every entity listed herein should consider its claim to be "Disputed" without a specific indication by their name and address, requiring filing a Proof of Claim with sufficient supporting documentation that shall establish prima facie evidence of the claim. Entities with listings indicated as "Disputed" are noticed of the Debtor(s)' affirmative denial of the existence, validity, or amount of their claim.

In re:  KARL H. VAN GASTEL
        ADRIANNE D. VAN GASTEL

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Page)

| Creditor's Name and Mailing Address including Zip Code<br><br>Account Number | C o d e b t o r | Husband/ Wife/ Debtor1/ Debtor2/ Joint/ Community | Date Claim Was Incurred, and Consideration for Claim. If Claim Is Subject to Setoff, So State. | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Santa Clara Windustrial<br>1525 Walsh Avenue<br>Santa Clara  CA  95050<br><br>482-003058 | | | | | | | 280 |
| Shell Card Center<br>PO Box 689151<br>Des Moines IA 50368<br><br>940 560 907 | | | | | | | 738 |
| Slakey Brothers<br>File NO 51064<br>PO Box 60000<br>San Francisco CA  94160<br>703850 | | | | | | | 21675 |
| Sprint Customer Service<br>PO Box 8077<br>London  KY  40742<br><br>722445314 | | | | | | | 461 |
| | | | | | | | |
| | | | | | | | |
| | | | Subtotal (Total of this page) | | | | 23154 |
| | | | Total (Use only on last page) | | | | 30320 |

(Report total also on Summary of Schedules)

Note:  The listing of a creditor herein is not an admission by the Debtor(s) as to the existence, validity, or
amount of said claim.  Listing an entity as a creditor is intended merely to provide notice of the filing of this
bankruptcy case, and every entity listed herein should consider its claim to be "Disputed" without a specific
indication by their name and address, requiring filing a Proof of Claim with sufficient supporting documentation that
shall establish prima facie evidence of the claim.  Entities with listings indicated as "Disputed" are noticed of the
Debtor(s)' affirmative denial of the existence, validity, or amount of their claim.

## SCHEDULE G -- EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

[X]   Check this box if debtor has no executory contracts or unexpired leases.

Number of continuation pages attached:   0

| Name and Mailing Address Including Zip Code of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| | |

In re: KARL H. VAN GASTEL                       Case No.
       ADRIANNE D. VAN GASTEL

## SCHEDULE H -- CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☒ Check this box if debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | |

In re: KARL H. VAN GASTEL                          Case No.
      ADRIANNE D. VAN GASTEL

## SCHEDULE I -- CURRENT INCOME OF INDIVIDUAL DEBTORS

The column labeled "Debtor 2" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.
The marital status of the debtor(s) is: married filing jointly

### DEPENDENTS OF DEBTOR(S)

| Name | Age | Relationship | Monthly Support Paid by Debtor(s) | Monthly Support Received by Debtor(s) |
|------|-----|--------------|-------------------|-----------------------|
| M.. | 19 | daughter | | |
| B.. | 16 | daughter | | |

### EMPLOYMENT

| | Debtor 1 | Debtor 2 |
|---|----------|----------|
| Occupation | HVAC Contractor | School Nurse |
| How long employed | | 7 years |
| Name of Employer | Self Employed | Oak Grove School District |
| Employer's Address | | 6578 Sata Teresa Blvd. |
| | | San Jose, CA 95119 |

### INCOME (Estimate of Average Monthly Income)

| | Debtor 1 | Debtor 2 |
|---|----------|----------|
| GROSS EMPLOYMENT INCOME: | | |
|    Current monthly wages, salary, and commissions (pro-rate if not paid monthly) | | 1,800 |
|    Estimated monthly overtime | | |
|    A. GROSS EMPLOYMENT INCOME TOTAL | 0 | 1,800 |
| PAYROLL DEDUCTIONS: | | |
|    Payroll taxes and social security | | 72 |
|    Insurance | | |
|    Union dues | | 36 |
|    Retirement | | 126 |
|    Other (Specify): | | |
|    B. PAYROLL DEDUCTION TOTAL | | 234 |
|    C. NET MONTHLY EMPLOYMENT INCOME (A minus B) | | 1,566 |
| OTHER INCOME: | | |
|    Regular income from operation of business, profession, or farm (attach detailed statement) | 38,000 | |
|    Income from real property | | |
|    Interest and dividends | | |
|    Alimony, maintenance or support received by debtor or for support of listed dependents | | |
|    Social Security | | |
|    Other government assistance or benefits (specify) | | |
|    Pension or retirement income | | |
|    Part-time job | | |
|    D. TOTAL OTHER INCOME | 38,000 | |
| TOTAL MONTHLY INCOME (C plus D) | 38,000 | 1,566 |
| GRAND TOTAL MONTHLY INCOME (Debtor 1 plus Debtor 2)    (Report also on Summary of Schedules) | 39,566 | |

Describe any increase or decrease of more than ten percent in any of the above categories anticipated to occur within one year following the filing of this schedule.

In re: KARL H. VAN GASTEL
     ADRIANNE D. VAN GASTEL

Case No.

## SCHEDULE J -- CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average monthly expenses of the debtor andthe debtor's family. Pro-rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. If so, complete the second column also.

| | DEBTOR 1 HOUSEHOLD | DEBTOR 2 HOUSEHOLD (If separate) |
|---|---|---|
| Rent or home mortgage payment | | |
|     (include mobilehome space rent) | 3,105 | |
| Real estate taxes (not included above) | 217 | |
| Property insurance (not included above) | 108 | |
| Utilities | | |
|    Electricity and heat | 250 | |
|    Water and sewer | 70 | |
|    Telephone | 147 | |
|    Internet Services | 29 | |
|    Cable TV | 89 | |
|    Other: | | |
| Home maintenance (repairs and upkeep) | | |
| Food and home supplies | 692 | |
| Clothing | | |
| Laundry and dry cleaning | | |
| Medical and dental (inc orthodontics) | 205 | |
| Transportation (except car payment) | 300 | |
| Newspapers, magazines & school supplies | 25 | |
| Recreation, clubs and entertainment | | |
| Charitable contributions | | |
| Insurance (not deducted from wages or | | |
|    included in home mortgage payments): | | |
|    Homeowner's or renter's insurance | | |
|    Life | 75 | |
|    Health/medical | | |
|    Auto | 356 | |
|    Trailer | 73 | |
| Taxes (not deducted from wages or | | |
|    included above) Specify: | | |
| | | |
| Installment payments: (In chapter 12 or 13 | | |
|    do not list payments included in the plan) | | |
|    Auto | | |
|    Trailer loan | 172 | |
|    Other: | | |
| Alimony, maintenance, and support | | |
|    paid to others | | |
| Other support (specify): | | |
| | | |
| Other expenses (specify): | | |
|    Trailer storage | 60 | |
|    Haircuts | 80 | |
| TOTAL MONTHLY EXPENSES | 6,053 | |

| | |
|---|---|
| Regular expenses from operation of business, profession, or farm | 32,178 |
| GRAND TOTAL MONTHLY EXPENSES(Report on Summary of Schedules) | 38,231 |

| | | |
|---|---|---|
| | A. Total projected monthly income | 39,566 |
| | B. Total projected monthly expenses | 38,231 |
| | C. Net Monthly Income (A minus B) | 1,335 |
| | D. Plan payments (total per month) | 1335 |

## ATTACHMENT TO SCHEDULE J -- EXPENSES OF BUSINESS

| Debtors' Business | |
|---|---|
| Rent | 1,200 |
| Utilities | |
|     Power | |
|     Water and Garbage | |
|     Telephone | 300 |
|     Internet Services | |
|     Toxic Disposal | |
|     Other | |
| Insurance | |
|     Workers Compensation | |
|     Liability | 505 |
|     Vehicle | |
|     Bond | 13 |
| Employee Payroll | |
| Contract Services | 4,500 |
| Taxes | |
|     Payroll | |
|     Sales | |
|     Income | 1,800 |
| Materials | 22,800 |
| Advertising | |
| Transportation | 1,000 |
| Dues, Subscriptions, Education | |
| Client Entertainment | |
| Accounting and Professional Services | 60 |
| | |
| TOTAL MONTHLY EXPENSES FOR THIS BUSINESS | 32,178 |

# STATEMENT OF REASONABLY NECESSARY EXPENSES
## FOR USE IN CHAPTER 13 - BMFI

| | | IRS Standards | Reasonably Necessary |
| --- | --- | --- | --- |
| **Part I. Items Included in the IRS National Standards - Food, Clothing, Etc.** | | | |
| 1. | Food, clothing, household expenses, personal care, miscellaneous | 1,203 | |
| 2. | Sec 707(b) Additional 5% for high-cost area | 44 | |
| 3. | Total | 1,247 | 1,247 |

| | | IRS Standards | Reasonably Necessary |
| --- | --- | --- | --- |
| **Part II. Items Included in the IRS National Standards - Housing and Utilities** | | | |
| 4. | Housing portion of IRS Standards | 2,225 | |
| 5. | Rent, mobilehome space rent, or mortgage only | | 2,225 |
| 6. | Additional housing (homeowners, prop taxes, insurance, etc.) | | 0 |
| 7. | Non-housing portion (utilities: power, water, garbage, basic phone, etc.) | 680 | 680 |
| 8. | Internet | | 0 |
| 9. | Cell phone, pagers, etc. | | 0 |
| 10. | Cable, satellite TV | | 0 |
| 11. | Other utilities | | 0 |

| | | IRS Standards | Reasonably Necessary |
| --- | --- | --- | --- |
| **Part III. Items Included in Transportation Operation and Public Transit** | | | |
| 12. | Public transit, vehicle maintenance, vehicle registration, insurance | 484 | 484 |

| | | IRS Standards | Reasonably Necessary |
| --- | --- | --- | --- |
| **Part IV. Items Included in Transportation Ownership** | | | |
| 13. | Vehicle loan and lease payments, vehicle depreciation | 803 | 803 |

| | | | |
| --- | --- | --- | --- |
| **Part V. Taxes and Payroll Withholding** | | | |
| 14. | Taxes (e.g. withheld payroll taxes claimed on Schedule I) | | 926 |
| 15. | Other mandatory payroll withholding | | 24 |
| 16. | Voluntary retirement and retirement loan repayments | | 106 |

| | | | |
| --- | --- | --- | --- |
| **Part VI. Insurance Payments** | | | |
| 17. | Life insurance | | 0 |
| 18. | Medical and health insurance | | 0 |
| 19. | Disability insurance | | 0 |
| 20. | Other insurance | | 0 |
| | | | 0 |

| | | | |
| --- | --- | --- | --- |
| **Part VII. Court-Ordered Payments** | | | |
| 21. | Child or spousal support - ongoing | | 0 |
| 22. | Child or spousal support - arrears | | 0 |
| 23. | Other court-ordered payments | | 0 |

| | | | |
| --- | --- | --- | --- |
| **Part VIII. Miscellaneous Payments** | | | |
| 24. | Other dependent, household, or family care | | 0 |
| 25. | Charitable contributions | | 0 |
| 26. | Healthcare | | 50 |
| 27. | Childcare | | 0 |
| 28. | Minor dependent special education or job-related education | | 0 |
| 29. | Employee work expenses (unless reimbursed and reimbursement not included in income) | | 0 |

Statement of Reasonably Necessary Expenses    CHAPTER 13 - BMFI    KARL H. VAN GASTEL and ADRIANNE D. VAN GASTEL    Page 1 of 2 Pages

Case: 07-52673    Doc# 1    Filed: 08/30/07    Entered: 08/30/07 10:09:22    Page 20 of 33

| Part IX. Other (including 60-month prorated secured, secured arrears, and priority debt payments not otherwise counted - do not double-count mortgage payments) | | 0 |
|---|---|---|
| 30. | | 0 |
| 31. | | 0 |
| 32. | | 0 |
| 33. | | |

| **Total Reasonably Necessary Expenses Claimed by Debtors** (Subtract from Current Monthly Income to determine Disposable Income.) | 6,545 |
|---|---|

## Part X. Verification

60.    I declare under penalty of perjury that the information provided in this statement is true and correct. (If this is a joint case, both debtors must sign.)

Dated: _Aug 29-07_

_[signature]_
Debtor, KARL H. VAN GASTEL

Dated: _8·29·07_

_[signature]_
Debtor, ADRIANNE D. VAN GASTEL

Statement of Reasonably Necessary Expenses    CHAPTER 13 - BMFI    KARL H. VAN GASTEL and ADRIANNE D. VAN GASTEL    Page 2 of 2 Pages

Case: 07-52673   Doc# 1   Filed: 08/30/07   Entered: 08/30/07 10:09:22   Page 21 of 33

In re:  KARL H. VAN GASTEL                                    Case No.
        ADRIANNE D. VAN GASTEL

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 16 - 21.  Each question must be answered.  If the answer to any question is "None," or the question is not applicable, mark the box labeled "None."  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

DEFINITIONS

"In business."  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider."  The term "insider" includes but is not limited to:  relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. 101(30).

1.  Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|     | AMOUNT               |                           | SOURCE (if more than one) |
|-----|----------------------|---------------------------|---------------------------|
| 1:  | This year (so far):  | 48,351 (est)              |                           |
|     | Previous year:       | net loss of 35,311 (est)  |                           |
|     | Next previous year:  | 44,095 (est)              |                           |
| 2:  | This year (so far):  | 10,760 (est)              |                           |
|     | Previous year:       | 7325 (est)                |                           |
|     | Next previous year:  | 5465 (est)                |                           |

2.  Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

3.  Payments to creditors

a.  Individual or joint debtor(s) with primarily consumer debts:  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE, except required minimum payments on unsecured debts and regular installment payments on any secured debts, such as vehicle loans, house loans, or vehicle leases, or residential rent.

b.  Debtor whose debts are not primarily consumer debts:  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

c.  All debtors:  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or

were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME & ADDRESS OF CREDITOR | RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|

The debtors have paid a total of $6000 to Joy Ribardo, mother of A. Van Gastel, in the past year.

## 4. Suits, executions, garnishments and attachments

a. List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 6. Assignments and receiverships

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

NONE, except for any payment to Shulman Law Offices, as disclosed in the Fee Disclosure Statement pursuant to BR 2016, filed herein. Also, nominal amount paid for required credit counseling certificate to approved agency, if debtor(s)' income is over 150% of poverty level.

## 10. Other transfers

a.     List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME & ADDRESS OF TRANSFEREE     RELATIONSHIP TO DEBTOR          DATE OF TRANSFER          DESCRIBE PROPERTY & VALUE RECEIVED
The debtors gave a 2nd Deed of Trust to National City Bank in 7/06 to secure a line of credit with a current balance of $96,715.

b.          List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

NONE

## 11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

## 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

NONE

## 15. Prior address of debtor

If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

NONE

## 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NONE

## 17. Environmental Information

For the purpose of this question, the following definitions apply:
     "Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.
     "Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.
     "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.      List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

NONE

b.      List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

NONE

c.      List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NONE

## 18. Nature, Location and Name of Business

a.      If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.
      If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.
      If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME & ADDRESS | TIN# | NATURE OF BUSINESS | BEGINNING & ENDING DATES |
|---|---|---|---|
| Karl Van Gastel dba KVG Mechanical | | HVAC Contrctr (Sole Prop) | 1985 - 5/07 |
| KVG Mechanical, Inc. | | Corp(K. Van Gastel-sle shrhldr/Pres) 5/07 - present | |

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. 101.

NONE

      Questions 19 - 25 are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following:  an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.  An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case.

_____      Questions 19 - 25 are inapplicable to the debtor and therefore are not included hereafter.

## 19. Books, records and financial statements

a. List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NONE

b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NONE

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME & ADDRESS
The debtors

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

NONE

## 20. Inventories

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

NONE

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

NONE

## 21. Current partners, officers, directors and shareholders

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NONE

b. If the debtor is a corporation, list all officers and directors of the corporation and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

NONE

## 22. Former partners, officers, directors and shareholders

a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

NONE

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

NONE

## 23. Withdrawals from a partnership or distributions by a corporation

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

NONE

24. Tax Consolidation Group.

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

NONE

25. Pension Funds.

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

NONE

[If completed by an individual and spouse]
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Dated: _Aug 29-07_                         _Karl van Gastel_
                                            KARL H. VAN GASTEL

Dated: _8·29·07_                            _Adrianne van Gastel_
                                            ADRIANNE D. VAN GASTEL

 0    (#) continuation pages attached

Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. 152 and 3571

James S.K. Shulman, Esq. #118938
1501 The Alameda
San Jose, CA 95126
(408) 297-8750

Attorney for Debtor(s)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:                                        Chapter 13

  KARL H. VAN GASTEL              Case No.

  ADRIANNE D. VAN GASTEL

Debtor(s) _____ /    DISCLOSURE OF COMPENSATION UNDER 11
                                               U.S.C. § 329 AND BANKRUPTCY RULE 2016(b)

I certify that I am the attorney for the above-named debtor(s) and that the compensation paid or agreed to be paid to me for services rendered or to be rendered on behalf of the debtor(s) in or in connection with a case under Title 11 of the United States Code, such payment or agreement having been after one year before the date of the filing of the petition, is as follows: $500 paid; $5,600 to be paid, and that the source of the compensation paid is debtor(s)' wages, and that the source of the compensation agreed to be paid is debtor(s)' wages and earnings paid to the Chapter 13 Trustee.

I have not agreed to share this compensation with any other person, except for the partners and associates of my firm.

Dated: _8/29/07_                      _____
                                               Attorney for debtor(s), James S.K. Shulman

James S.K. Shulman, Esq. #118938
1501 The Alameda
San Jose CA 95126
(408) 297-3333
Attorney for Debtor(s)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re:                                          Chapter 13
KARL H. VAN GASTEL                              Case No.
ADRIANNE D. VAN GASTEL

                                                CREDITOR MATRIX COVER SHEET

Debtor(s)
_____/

    I, JAMES S.K. SHULMAN, the debtors' attorney herein declare that the attached CREDITOR MAILING MATRIX, consisting of ___2___ sheets, contains the correct, complete and current names and addresses of all priority, secured and unsecured creditors listed in the debtor's filing and that this matrix conforms with the Clerk's promulgated requirements.

Dated: August 29, 2007

                                          JAMES S.K. SHULMAN
                                          Attorney for Debtor(s)

Bank of the West
PO Box 4002
Concord CA 94524


Ford Credit
PO Box 7172
Pasadena CA  91109


Ford Credit
National Bankruptcy Service Center
PO Box 537901
Livonia  MI  48153


Ford Credit
National Bankruptcy Service Center
PO Box 537901
Livonia  MI  48153


National City Bank
PO Box 856176
Louisville  KY  40285


National City Bank
LOC7180 PO Box 94991
Cleveland  OH  44101


Wells Fargo Home Mortgage
PO Box 10335
Des Moines  IA  50306


Acosta Sheet Metal Manufacturing Co. Inc.
930 Remillard Court
San Jose  CA  95122

American Express
PO Box 0001
Los Angeles CA 90096


American Express
Customer Service
PO Box 981535
El Paso  TX  79998


Kobett Metals
515 Winchester Drive, Ste. C
Campbell  CA  95008


Pacific Rain Gutter Supply, Inc.
1420 Whipple Road
Union City  CA  94587


Santa Clara Windustrial
1525 Walsh Avenue
Santa Clara  CA  95050


Shell Card Center
PO Box 689151
Des Moines IA 50368


Slakey Brothers
File NO 51064
PO Box 60000
San Francisco CA  94160


Sprint Customer Service
PO Box 8077
London  KY  40742

| Form 22C (Chapter 13) (10/06) | According to the calculations required by this statement: (Check as directed on Lines 17 and 23 of this statement.) | [X] The applicable commitment period is 3 years. |
|---|---|---|
| In re: KARL H. VAN GASTEL | | [ ] The applicable commitment period is 5 years. |
| ADRIANNE D. VAN GASTEL | | [ ] Disposable income is determined under Sec. 1325(b)(3). |
| Case No. | | [X] Disposable income is not determined under Sec. 1325(b)(3) |

# STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME
### FOR USE IN CHAPTER 13 - BMFI

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

## Part I.   Report of Income

1.   Marital/filing status. Check the box that applies and complete the balance of this part of this statement as directed.
   a.   [ ] Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10.
   b.   [X] Married.  Complete only Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.

All figures must reflect average monthly income for the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before filing. If you received different amounts of income during these six months, you must total the amounts received during the six months, divide this total by six, and enter the result on the appropriate line.

| | | | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|---|---|
| 2. | Gross wages, salary, tips, bonuses, overtime, commissions. | | | 0 | 1,516 |
| 3. | Income from the operation of a business, profession, or farm. Subtract Line b from Line a and enter the difference on Line 3. Do not enter less than zero. Do not include Line b amounts in Part IV. | a. Gross receipts | 38,644 | 38,644 | 0 |
| | | b. Ordinary necessary expenses | 34,366 | 34,366 | 0 |
| | | c. Business income | XXXXXX | 4,278 | 0 |
| 4. | Rent or other real property income.   Subtract Line b from Line a and enter the difference on Line 4. Do not enter less than zero. Do not include Line b amounts in Part IV. | a. Gross receipts | 0 | 0 | 0 |
| | | b. Ordinary necessary expenses | 0 | 0 | 0 |
| | | c. Rental income | XXXXXX | 0 | 0 |
| 5. | Interest, dividends, and royalties. | | | 0 | 0 |
| 6. | Pension and retirement income. | | | 0 | 0 |
| 7. | Regular contributions to the household expenses of the debtor or the debtor's dependents, including child or spousal support. Do not include contributions from the debtor's spouse. | | | 0 | 0 |
| 8. | Unemployment compensation.   Enter the amount in Column A and, if applicable, in Column B. However if you contend that such income was a benefit under the Social Security Act, do not list in Column A or B, but as indicated adjacent hereto. | Debtor claimed under SSA | 0 | | |
| | | Spouse claimed under SSA | 0 | | |
| | | Total not under SSA | XXXXXX | 0 | 0 |
| 9. | Income from all other sources.   Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount. | | 0 | | |
| | | | 0 | | |
| | | Total | XXXXXX | 0 | 0 |
| 10. | Subtotal.   Add Lines 2 through 9 in Columns A and B separately. Enter the totals. | | | 4,278 | 1,516 |
| 11. | Total.   If Column B has been completed, add Columns A and B of Line 10. Enter here. | | | | 5,794 |

## Part II.   Calculation of Sec. 1325(b)(4) Commitment Period

| 12. | Enter the amount from Line 11. | | | 5,794 |
|---|---|---|---|---|
| 13. | Marital adjustment.   If you are married, but not filing jointly with your spouse, and if you contend that calculation of the Commitment Period under Sec 1325(b)(4) does not require inclusion of the income of your spouse, enter the amount of the income listed on Line 10, Column B, that was not regularly contributed to the household expense of you or your dependents.  Otherwise enter zero. | | | |
| | | | | 0 |
| 14. | Subtract Line 13 from Line 12 and enter the result. | | | 5,794 |
| 15. | Annualized Current Monthly Income for Sec. 1325(b)(4).   Multiply the amount from Line 14 by 12 and enter here. | | | 69,528 |
| 16. | Applicable Median Family Income. | a. Debtor's state of residence | California | XXXXXX |
| | | b. Debtor's household size | 4 | XXXXXX |
| | | Applicable Median Family Income | XXXXXX | 72,996 |
| 17. | Application of Sec. 1325(b)(4).   Check as applicable and proceed as directed. | [X] The amount on Line 15 is less than the amount on Line 16. Check "The applicable commitment period is 3 years" at the top of this page and complete Part VII.  Do not complete parts III - VI. | | |
| | | [ ] The amount on Line 15 is not less than the amount on Line 16. Check "The applicable commitment period is 5 years" at the top of this page and continue with Part III of this statement. | | |

Case: 07-52673   Doc# 1   Filed: 08/30/07   Entered: 08/30/07 10:09:22   Page 32 of 33

**Part III.  Application of Sec. 1325(b)(3) for Determining Disposable Income**

| 18. | Enter the amount from Line 11. | | 5,794 |
|---|---|---|---|
| 19. | Marital adjustment.   If you are married, but not filing jointly with your spouse, enter the amount of the income listed in Line 10, Column B that was not regularly contributed to the household expense of you or your dependents.  Otherwise enter zero. | | 0 |
| 20. | Current monthly income for Sec. 1325(b)(3).   Subtract Line 19 from Line 18 and enter the result. | | 5,794 |
| 21. | Annualized current monthly income for Sec 1325(b)(3).   Multiply Line 20 by 12 and enter here. | | 69,528 |
| 22. | Applicable median family income.   Enter the amount from Line 16. | | 72,996 |
| 23. | Application of Sec. 1325(b)(3).   Check as applicable and proceed as directed. | ☐ The amount on Line 21 is more than the amount on Line 22. Check "Disposable income is determined under Sec. 1325(b)(3)" at the top of page 1 and complete the remaining parts of this statement. | |
| | | ☒ The amount on Line 21 is not more than the amount on Line 22.  Check "Disposable income is not determined under Sec. 1325(b)(3)" at the top of page 1 and complete Part VII.  Do not complete Parts IV - VI. | |

**Parts IV - VI are deleted as inapplicable in this case.**

**Part VII.  Verification**

60.   I declare under penalty of perjury that the information provided in this statement is true and correct.  (If this is a joint case, both debtors must sign.)

Dated: _Aug 29-07_                    _[signature]_
                                      Debtor, KARL H. VAN GASTEL

Dated: _8·29·07_                      _[signature]_
                                      Debtor, ADRIANNE D. VAN GASTEL

Form 22C  CHAPTER 13 - BMEL    KARL H. VAN GASTEL and ADRIANNE D. VAN GASTEL          Page 2 of 2 Pages

Case: 07-52673   Doc# 1   Filed: 08/30/07   Entered: 08/30/07 10:09:22   Page 33 of 33