DEVIN DERHAM-BURK, STATE BAR NO. 104353
CHAPTER 13 TRUSTEE - DIVISION 5
MAILING ADDRESS: P.O. BOX 50013
                             SAN JOSE, CA 95150-0013

TELEPHONE: (408) 354-4413
FACSIMILE: (408) 354-5513

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

IN RE:

VAN GASTEL, KARL H
VAN GASTEL, ADRIANNE D

Debtor(s)

CHAPTER 13 CASE NO. 07-5-2673 ASW

**TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN WITH CERTIFICATE OF SERVICE**
Pre-Hearing Conference Date: DECEMBER 3, 2007
Pre-Hearing Conference Time: 2:00 PM
Judge: WEISSBRODT
Pre-Hearing Conference Place: U.S. Bankruptcy Court, SAN JOSE

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this 100% Plan for the following reasons:

1. The Standing Trustee objects to confirmation of the debtors' plan on the grounds that debtors have failed to submit to a mandatory examination at a Meeting of Creditors. This objection is based upon the following grounds.

   a) 11 U.S.C. §341 requires the United States trustee to hold and conduct a Meeting of Creditors at which the debtor must appear. 11 U.S.C. §1302(a) provides that a qualified individual appointed under 28 U.S.C. §586(b) to serve as the standing trustee shall serve as trustee in the case. Devin Derham-Burk is the appointed standing trustee and serves as the trustee in the instant case. Therefore, it is the duty of Ms. Derham-Burk to preside at the Meeting of Creditors. 11 U.S.C. §343 provides that the standing trustee or the United States trustee, among others, may examine the debtor under oath at the Meeting of Creditors. Bankruptcy Rule 2003(b)(1) requires the trustee to examine the debtor under oath at the Meeting of Creditors. Bankruptcy Rule 2004(b) provides that the examination of the debtor may address the liabilities and financial condition of the debtor, any matter which may affect the administration of the estate, and any other matter relevant to the case or the formulation of a plan.

   b) 11 U.S.C. §343 requires the debtor to appear and submit to an examination under oath at a Meeting of Creditors. Bankruptcy Rule 4002 requires the debtor to attend and submit to an examination at times ordered by the Court. In conformity with Section 343 and Rule 4002, the debtor was served with an *Order Establishing Procedures & Chapter 13 Notice for Meeting of Creditors,* wherein the debtor was ordered to appear at a Meeting of Creditors and was notified of the scheduled date for the required appearance.

   c) In addition to the above duties, under 11 U.S.C. §521(3) the debtor has a duty to cooperate with the standing trustee as necessary to enable the standing trustee to perform her duties as trustee under the Bankruptcy Code.

   d) 11 U.S.C. §1302(b)(2)(B) requires the standing trustee to appear and be heard at the hearing concerning confirmation of a plan. Additionally, 11 U.S.C. §1302(b)(1) imposes upon the standing trustee the duty under 11 U.S.C. §704(4) to investigate the financial affairs of the debtor. Taken in their totality, the standing trustee is charged with appearing at a plan confirmation hearing to make a recommendation to the court whether or not the debtor's plan meets the tests for confirmation.

Case: 07-52673   Doc# 14   Filed: 10/16/07   Entered: 10/16/07 21:05:18   Page 1 of 3

forms pleading legal ddb objection -- Page 1 of 3
[c:\documents and settings\cchulasawan\my documents\objections\shulman, james\van gastel obj0752673.doc]

e) Based upon the debtor's failure to appear at the Meeting of Creditors, the standing trustee has not been able to examine the debtor under oath, nor has she been able to determine fully whether the debtor's plan meets the tests for confirmation. Having been prevented from complying with her duty to investigate the debtor, and not having sufficient information to make a recommendation for confirmation, the standing trustee requests that confirmation be denied and that the debtor be ordered to appear at a rescheduled Meeting of Creditors upon penalty of dismissal of the case. Alternatively, the standing trustee requests that the case be dismissed for debtor's failure to cooperate as set forth above.

2. The debtors have failed to cooperate with the standing Trustee as required under 11 U.S.C. § 521(3) in that the debtors have failed to verify their identity and/or social security numbers. Under 11 U.S.C. §1302(b)(1) the Standing Trustee has a duty to investigate the financial affairs of the debtor. Identity and the debtor's Social Security number are key elements of the debtor's financial transactions. In order to verify that the financial information provided by the debtor relates to the name and Social Security number provided on the petition, the Standing Trustee requests that all debtor provide her with verification of identity and Social Security number.

WHEREFORE, the plan should not be considered for confirmation unless and until the debtor cooperates with the Standing Trustee in providing verification of identity and/or Social Security.

Dated: October 16, 2007  /S/ Devin Derham-Burk
_____
# 104353 Chapter 13 Trustee

forms pleading legal ddb objection -- Page 2 of 3
[c:\documents and settings\cchulasawan\my documents\objections\shulman, james\van gastel obj0752673.doc]

Case: 07-52673  Doc# 14  Filed: 10/16/07  Entered: 10/16/07 21:05:18  Page 2 of 3

## CERTIFICATE OF SERVICE BY MAIL
**[B.R. 7005, F.R.C.P. 5]**

I am not less than 18 years of age and not a party to the within case. My business address is 983 University Avenue, Bldg. C, Suite 100, Los Gatos, California. I am familiar with the processing of correspondence for mailing with the United States Postal Service. Correspondence placed in the internal mail collection system at the Office of Devin Derham-Burk, Chapter 13 Standing Trustee is deposited with the United States Postal Service that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

On October 16, 2007, a true and accurate photo-copy of the following described document,

- OBJECTION TO CONFIRMATION OF PLAN

was placed for service, in the Trustee's internal mail collection system, in a sealed envelope to be delivered by mail with the with the United States Postal Service with postage prepaid, postage addressed as follows:

| | |
|---|---|
| KARL & ADRIANNE VAN GASTEL<br>6229 HOPI COURT<br>SAN JOSE CA 95123 | LAW OFFICES OF JAMES SHULMAN<br>1501 THE ALAMEDA<br>SAN JOSE CA 95126 |

In addition to the foregoing, if any of the following are checked, service at the addresses and/or fax numbers noted above was also completed by:
___ Facsimile Transmission
___ Federal Express
___ Certified Mail
___ Personal hand Delivery
___ Express mailing

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct and that this declaration was executed on October 16, 2007, at Los Gatos, California.

/S/ Chaovalai Chulasawan
_____
# 5911